1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RITA M. JOHNSON,

                    Plaintiff,

          v.                                      CASE NO.  C05-5615RJB

OCEAN SHIPS, INC. ET AL,                          ORDER

                    Defendants.

          This matter comes before the Court on Plaintiff's Motions to Compel Discovery (Dkts. 17-1, 19-1), Defendants Arrow Launch Services, Inc. and Arrow Marine Services, Inc.'s ("Arrow") Motion for order prohibiting Plaintiff's counsel from communicating with Conrad Levesen, John Richards or John Demaree outside presence of Defense counsel (Dkt.18-1), and Plaintiff's Motion to Strike (Dkt. 19-1).  The Court has reviewed all documents filed in support of and in opposition to these motions, has reviewed the entire file, and is fully advised.

          I.     **FACTS**

          According to the Complaint, this matter arose as a result of injuries Plaintiff suffered on Defendant Arrow's vessel while being transported back to Defendant Ocean Ship's vessel from Seattle.  Dkt. 1.  Plaintiff alleges her injuries were a result of the negligence of Defendant Arrow's crew and the unseaworthiness of its launch vessel. *Id*. at 4.  Arrow employees, Conrad Levesen, John Demaree, and John Richards are not named defendants, but, are perhaps, potential defendants in this or other litigation.

          Plaintiff moves the Court for an order compelling discovery of the contact information for the following individuals: Conrad Leveson, a deckhand for Arrow, John Demeree and John Richard, both of whom are ship's masters for Arrow.  Dkt. 17-1.  Plaintiff seeks contact information for current employees who are non-speaking agents of Arrow. *Id*.

ORDER - 1

On February 27, 2006, Defense counsel, Andrew Yates, filed a Declaration with the Court, indicating that each of these individuals were current employees of Arrow, and that he had been specifically retained to represent each of these individuals. Dkt. 18-2, at 2.  Mr. Yates stated that he sent Plaintiff's counsel correspondence providing contact information for these individuals, but informed Plaintiff's counsel that he represented each of these people and that pursuant to the Professional Rules of Responsibility, Plaintiff's counsel was not to contact them. Dkt. 18-2 at 2-3, and 14-15.  Arrow, in its Response, moves the Court for an order prohibiting Plaintiff's counsel from contacting or communicating with Conrad Levesen, John Demaree or John Richards outside the presence of Defense counsel in this case.  Dkt. 18-1, at 8.

Plaintiff also moves the Court for an order compelling a discovery request regarding the scope of Mr. Yates's representation of  Conrad Levesen, John Demaree and John Richards. Dkt. 19-1, at 1.  Plaintiff also moves to strike the portion of Mr. Yates's Declaration where he alleges that these three individuals consented to his representation of them and the Declaration of Mr. Harmon alleging these three individuals agreed to allow Mr. Yates to represent them. Dkt. 19-1, at 1.

## II.      DISCUSSION

### A.      Plaintiff's Motions to Compel Discovery

Plaintiff's motion to compel discovery of Conrad Levesen, John Demaree and John Richards' contact information (Dkt. 17-1) should be denied as moot.  Arrow provided the information.  Dkt. 18-2, at 14-15.

Plaintiff's motion to compel expedited discovery regarding the scope of Mr. Yates's representation of Conrad Levesen, John Demaree and John Richards (Dkt. 19-1) should be denied.  Under Fed. R. Civ. Pro. 33, parties have 30 days in which to answer interrogatories. This discovery request was served on March 1, 2006 (Dkt. 19-1, at 30) and so the 30 days have not lapsed.  Arrow should have an opportunity to respond in accordance with the Federal Rules of Civil Procedure.  Moreover, Mr. Yates has indicated to this Court that he was specifically retained to represent Conrad Levesen, John Demaree and John Richards.  Dkt. 18-2.  As an officer of the Court, Mr. Yates is subject to Rule 11 and so Plaintiff's request to require further expedited documentation is unnecessary.

**B.     Arrow's Motion Prohibiting Plaintiff's Counsel's Communication**

Arrow's motion for an order prohibiting Plaintiff's counsel from contacting or communicating with represented parties should be granted.  Arrow's motion is made pursuant to Fed. R. Civ. Pro. 26(c) and Washington State Rule of Professional Conduct ("RPC") 4.2(a). Dkt. 18-1.

Fed. R. Civ. Pro. 26(c) provides that upon motion by a party, for good cause shown, the court may make any order which justice so requires to protect a party or person from annoyance etc., that "disclosure or discovery may be had only on specified terms and conditions."  RPC 4.2(a), which is entitled "Communication with Person Represented by Counsel," prohibits a lawyer from "communicating about the subject of representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law so to do."

This Order should not be construed as an order interpreting the Washington State Rules of Professional Responsibility.  Interpretation of these rules is within the purview of the Washington state courts and the Washington State Bar Association.  However, it appears that under RPC 4.2(a) Conrad Levesen, John Demaree, and John Richards are "represented parties."  Mr. Yates was expressly retained to represent them.  Each of these parties may be potentially responsible parties in this action or other related litigation.  Consequently, they should be considered "represented parties" just as a person who retains a lawyer to represent him in a contract negotiation would be a "represented party" under RPC 4.2(a).

Moreover, John Demaree and John Richards should also be considered "parties" because of their positions as ship's masters.  Under Washington law, a "party" (for the purposes of RPC 4.2(a)) in litigation involving corporations is only those employees who have "managing authority sufficient to give them the right to speak for, and bind, the corporation." *Wright v. Group Health Hospital*, 103 Wash.2d 192, 200-1 (1984).  According to Arrow, ship's masters, like John Richards and John Demaree, are responsible for the safe operation of Arrow vessels.  Dkt.18-1, at 2.  Arrow's ship's masters also manage deckhands.  *Id.*  Accordingly, John Richards and John Demaree have "managing authority sufficient to give them the right to speak

ORDER - 3

for, and bind, the corporation," and so are "parties" for the purposes of RPC 4.2(a). *Wright* at 201.

The Court recognizes, that Arrow's deckhand, Conrad Levesen, is not a "speaking agent" under the rule announced in *Wright*. However, unlike was the case in *Wright*, counsel in this instance was hired **specifically** to represent Mr. Levesen and the other two parties. Whether a conflict of interest exists between Mr. Yates's representation of both Arrow and Mr. Levesen is the subject of outstanding interrogatories. At this stage in the case, Mr. Yates's statement that he represents Mr. Levesen is sufficient.

In any event, Mr. Yates has indicated that he has repeatedly spoken with Plaintiff's counsel and informed him that he was representing all three of these individuals. Dkt. 18-2, at 2. Despite the warnings, Mr. Yates is concerned that Plaintiff's counsel will contact these people. This Court does have the authority under Fed. R. Civ. Pro. 26(c) to issue an order that "disclosure or discovery may be had only on specified terms and conditions." Because good cause has been shown as is required under Fed. R. Civ. Pro. 26(c), and on the strength of Fed. R. Civ. Pro. 26 alone, Plaintiff's counsel should not contact Conrad Levesen, John Demaree, or John Richards without appropriate authorization. Indeed, professional courtesy demands no less.

Counsel for both parties are reminded that the Court expects compliance with the Federal Rules of Civil Procedure and the Professional Rules of Conduct. Any issues regarding potential conflicts of interest should be addressed in accordance with the Rules. Additionally, all parties are expected to exercise the utmost in professionalism and civility. Matters contained in these motions are of the that type parties should be able to resolve without formal motions.

### C.    Plaintiff's Motion To Strike

Plaintiff's motion to strike the portion of Mr. Yates's Declaration wherein he states that Conrad Levesen, John Demaree, and John Richards expressly consented to his representation of them (Dkt. 19-1) should be granted. Mr. Yates's statement is hearsay. Plaintiff's motion to strike the portion of Mr. Harmon's Declaration wherein he states that Conrad Levesen, John Demaree and John Richards consented to Mr. Yates representation of them (Dkt. 19-1) should also be granted. As with Mr. Yates's Declaration, this statement is hearsay. The Court notes

that this information is the subject of outstanding interrogatories, and sufficient time for response should be given.

### III.    ORDER

Therefore, it is hereby,

**ORDERED** that

- Plaintiff's Motion to Compel Discovery (Dkt. 17-1) is **DENIED**;

- Plaintiff's Motion to Compel Discovery (Dkt. 19-1) is **DENIED;**

- Arrow's motion for order prohibiting Plaintiff's counsel from communicating with Conrad Levesen, John Richards or John Demaree outside presence of Defense counsel (Dkt.18-1) is **GRANTED**;

- Lastly, Plaintiff's Motion to Strike (Dkt. 19-1) is **GRANTED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of March, 2006.

Robert J. Bryan
United States District Judge