UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RITA M. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>OCEAN SHIPS, INC. ET AL,<br><br>        Defendants. | CASE NO. C05-5615RJB<br><br>ORDER |

    This matter comes before the Court on Defendant Arrow Launch Service, Inc. and Arrow Marine Services, Inc.'s ("Arrow") Motion for Additional Time to Depose Plaintiff, (Dkt. 29), Defendant Ocean Ships, Inc.'s ("Ocean Ships") Motion to Compel Continuation of Deposition of Plaintiff (Dkt. 31), Defendant Arrow's Motion to Compel (Dkt. 30), and Plaintiff's Second Motion to Compel Discovery from Defendant Arrow (Dkt. 32). The Court has reviewed all documents filed in support of and in opposition to these motions, has reviewed the entire file, and is fully advised.

### I.    FACTS

    According to the Complaint, this matter arose as a result of injuries Plaintiff suffered on Defendant Arrow's vessel while being transported back to Defendant Ocean Ship's vessel from Seattle. Dkt. 1. Plaintiff alleges her injuries were a result of the negligence of Defendants' employees and the unseaworthiness of the launch vessel. *Id*. at 4.

    **A.**    **DEFENDANTS' MOTIONS RE: PLAINTIFF'S DEPOSITION (Dkts. 29 and 30)**

    Defendants Arrow and Ocean Ships move the Court for an order granting them an additional two hours to complete Plaintiff's deposition. Dkts. 29 and 31. Defendants argue that additional time is necessary due to Plaintiff's "convoluted and non-responsive answers." *Id*.

ORDER - 1

Defendants argue that they need time to explore Plaintiff's assertion that as a result of the incident, Plaintiff may require bilateral knee replacement. *Id.* Parties do not dispute that Defendants did not know of this claimed injury until after they had already deposed Plaintiff for over five hours.

Plaintiff opposes the motions, arguing that 1) she has already driven from Portland, Oregon twice for her deposition, 2) she notified Defendants forty days prior to her second deposition of her potential need for knee replacement surgery, 3) parties agreed before the second deposition that only a few more hours were needed, and 4) Defendants failed to use their time wisely by asking too many background questions and by failing to give her documents ahead of time to review. Dkt. 35.

In Reply, Defendants argue that 1) their interests are somewhat diverse in that Ocean Ships focused its questions on a release Plaintiff gave them, and so questioning at the second deposition did not adequately address her potential knee replacement surgery, 2) most of the documents Plaintiff was questioned about were produced by her, 3) it is difficult to predict the specific time needed to complete a deposition and, 4) no agreement regarding a deadline existed in any event. Dkts. 38 and 40.

### B. ARROW'S MOTION TO COMPEL (Dkt. 30)

Defendant Arrow moves to compel Plaintiff to provide full and complete answers and responses to Interrogatories No. 6, 8, 11, 14, and 15; and Requests for Production Nos. 2, 4, 5, 10, and 13, of Arrow's First Interrogatories and Requests for Production to Plaintiff. Dkt. 30. Defendant Arrow also moves to compel Plaintiff to answer Interrogatory No. 20 and respond to Request for Production No. 5, of Arrow's Second Interrogatories and Requests for Production to Plaintiff and Requests for Admission to Plaintiff. *Id.* Plaintiff filed a response on the date this motion was noted for consideration, indicated that she was sending the discovery requests via messenger that day, and argued that the motion was moot. Dkt. 37.

### C. PLAINTIFF'S SECOND MOTION TO COMPEL (Dkt. 32)

Plaintiff moves to compel Arrow to fully answer Plaintiff's Interrogatories Nos. 2, 3, and 5; and Requests for Production Nos. 1 and 22. Dkt. 32. In her Reply, Plaintiff states that Arrow has supplemented their responses and so the only remaining responses she seeks are for

ORDER - 2

Interrogatory No. 3 and Requests for Production No. 1. Dkt. 41. Defendant Arrow opposes the motion regarding Interrogatory No. 3 and argues it has fully complied with the request to the extent that it can, any remaining information Plaintiff seeks is protected by the work product privilege. Dkt. 33, at 5. Defendant Arrow also argues that it has provided Plaintiff all photographs of the M/V Sealth Arrow in its custody and control, and so opposes Plaintiff's motion to compel as to Request for Production No. 1. *Id.*

## II.     DISCUSSION

### A.    DEFENDANTS' MOTIONS RE: PLAINTIFF'S DEPOSITION (Dkts. 29 and 30)

Fed. R. Civ. P. 30 (d)(2) provides,

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

Fair examination of Plaintiff requires an extra two hours be given to Defendants to depose her. The record indicates that Plaintiff was having difficulty staying focused on the questions. For example, plaintiff was asked:

> Q: Did you sustain any other injuries as a result of this [April 2002 car accident], –
> A: No.
> Q: – that you remember?
> A: I have to say one thing. And that is part of what's happened to me with the amount of medications I took after the – in regards to the Arrow Launch accident, that some things are a little hazy, a little bit hazy. So sometimes if I make an error with a date of something like that, it's because I really was for a long period of time taking heavy medications.
> And so, if I were to say was there anything else, I have to say that maybe– maybe for this there was maybe a neck because – I didn't hit anything in this particular accident. I – the only thing I hit was the mirror, driver's side mirror with the tree. The tree knocked the mirror off.
> And this is the one that I'm going to the cement wall and the car stopped before I – I got it stopped before we hit the wall, so the rest of it was just being totally tense up.

Dkt. 29-2, at 27-28. Moreover, parties do not dispute that Defendants had already questioned Plaintiff for over five hours before Defendants learned that Plaintiff could potentially need bilateral knee replacement surgery, and so her injuries could be more severe than she initially alleged. Defendants have shown good cause for an extension of time. However, Plaintiff

should not be forced to travel to Seattle a third time. Consequently, if Defendants desire to further depose Plaintiff, they must do so in Portland, Oregon.

### B. ARROW'S MOTION TO COMPEL (Dkt. 30)

Defendant Arrow's Motion to Compel (Dkt. 30) should be stricken as moot. No response was filed to Plaintiff's pleading that she had complied with the discovery requests which were the subject of the motion.

### C. PLAINTIFF'S SECOND MOTION TO COMPEL RE: DEFENDANT ARROW (Dkt. 32)

Fed. R. Civ. P. 26 allows discovery of any matter, not privileged, "that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Generally, "[a] party is not entitled to discovery of information protected by the attorney-client privilege." *Navajo Nation v. Confederated Tribes and Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)(*internal citations omitted*).

Plaintiff's Reply indicates that Defendant Arrow has complied with all but two of her discovery requests, (Interrogatory 3 and request for Production 1) and so they alone are the subject of this motion. Dkt. 41. Interrogatory No. 3 states: "[s]eparate by number, provide factual basis for each of your affirmative defenses, and for each specify and identify supporting witnesses and documents." Dkt. 32, at 2. Defendant Arrow argues that it has answered and supplemented its answer. Dkt. 33-1, at 5. Defendant Arrow argues that to the extent Plaintiff seeks the exact witnesses and documents it intends to use for each affirmative defense, the request is an improper attempt to discover the mental impressions, legal theories, and strategy of defense counsel. *Id*. Accordingly, Defendant Arrow argues Plaintiff seeks information protected by the work product doctrine. *Id.* Defendants cite *Sporck v. Peil*, 759 F.2d 312 (3rd Cir. 1985) in support of their position. In that case, the threshold issue was whether the selection process of defense counsel in grouping certain documents together out of the thousands produced was work product entitled to protection under Federal Rule of Civil Procedure 26(b)(3) and the principles of *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). *Id*. at 315. The *Sporck* Court found that,

ORDER - 4

> Petitioner concedes that the individual documents that comprise the grouping are not attorney work product, but argues that the selection process itself represents defense counsel's mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation. Because identification of the documents as a group will reveal defense counsel's selection process, and thus his mental impressions, petitioner argues that identification of the documents as a group must be prevented to protect defense counsel's work product. We agree.

Considering *Sporck v. Peil* persuasive, this Court finds that the exact documents and witnesses Arrow intends to use for each affirmative defense reveals defense counsel's mental impressions, is work product and so is privileged. Plaintiff's motion to compel should therefore be denied as to Interrogatory 3.

Plaintiff also seeks an order compelling Defendant Arrow to "produce drawing(s), plan(s), schematic(s) and/or blueprint(s), photographs, videotapes and digital media depicting or showing the [vessel Sealth Arrow]," based on her Request for Production No.1. Dkts. 32 and 41. Defendant Arrow argues that it has provided Plaintiff with all evidence in its custody regarding this Request for Production. Dkt. 33. In Reply, Plaintiff states that she "believes it is highly unusual that this company has no drawings, plans, schematics, and/or blue prints or videotapes of its vessel, and some explanation what reasonable inquiry was made is in order." Dkt. 41, at 2. Plaintiff's doubt, without more, is not a basis upon which to grant her motion. Plaintiff is reminded that all parties are bound by the Rules of Professional Conduct and the Federal Rules of Civil Procedure. Defendant Arrow states that it has fully complied with Plaintiff's request and so Plaintiff's motion should be denied.

### III.  ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendants Arrow Launch Service, Inc. and Arrow Marine Services, Inc.'s Motion for Additional Time to Depose Plaintiff, (Dkt. 29), and Defendant Ocean Ships, Inc.'s Motion to Compel Continuation of Deposition of Plaintiff (Dkt. 31), are **GRANTED**. Defendants, if they wish, may depose Plaintiff for an additional two hours, in Portland, Oregon.

- Defendants Arrow Launch Service, Inc. and Arrow Marine Services, Inc.'s Motion to Compel (Dkt. 30), is **STRICKEN AS MOOT**, and

1 • Plaintiff's Second Motion to Compel Discovery from Defendant Arrow (Dkt. 32) is **DENIED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 31st day of July, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 6