UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RITA M. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>OCEAN SHIPS, INC. ET AL,<br><br>    Defendants. | CASE NO. C05-5615RJB<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Extension of Discovery Deadline (Dkt. 42-1), Plaintiff's Motion for Relief from Deadline to Compel Certain Discovery (Dkt. 43-1) and Plaintiff's Motions to Strike (Dkts. 49-1 and 57-1). The Court has reviewed all documents filed in support of and in opposition to these motions, has reviewed the entire file, and is fully advised.

**I.**     **FACTS**

According to the Complaint, this matter arose as a result of injuries Plaintiff suffered on Defendant Arrow Launch Service, Inc.'s ("Arrow") launch vessel, M/V SEALTH ARROW, while being transported back to Ocean Ships, Inc. ("Ocean Ships") vessel, M/V SAMUEL COBB, from Seattle. Dkt. 1. Plaintiff alleges her injuries were a result of the negligence of Defendants' employees and the unseaworthiness of the launch vessel. *Id*. at 4.

The Scheduling Order set the following dates: discovery motions were to be filed by July 3, 2006, the discovery deadline was July 24, 2006 and trial is set for November 20, 2006. Dkt. 15.

*PENDING MOTIONS*

On July 24, 2006, Plaintiff filed a motion to extend the discovery deadline from July 24, 2006 to October 1, 2006 in order to depose Christian Hernandez and Niko Monsales, and to

ORDER - 1

inspect the launch vessel involved, the SEALTH ARROW. Dkts. 42-1, 49-1, and 50. Plaintiff has withdrawn her motion regarding the depositions of Robert Miller, Linda Jester, Carol Berry, Harmut Schultz, Tom Barrett, Carmone D. Ciccone, a Designee of Seafarer's International Union, and any other person occupying a slip on Dock C on the night of the accident. Dkts. 49-1 and 50. Plaintiff states that Hernandez and Monsales are former Ocean Ship's M/V SAMUEL COBB crew members and witnessed her accident. Dkt. 42-1, at 2. She states she has a number for Hernandez, but has been unable to arrange for his testimony because he has been at sea. *Id.* She has been unable to contact Monsales. *Id.* Plaintiff states that due to car trouble she was unable to inspect the SEALTH ARROW when last they arranged for her to do so. *Id*. at 5.

Remaining at issue in Plaintiff's Motion for Relief from Deadline and to Compel Certain Discovery is whether Plaintiff may take the depositions of Hernandez and Monsales by phone, and compel the inspection of the launch vessel SEALTH ARROW in Seattle on the next time the vessel is in Seattle (including backing the vessel stern first into the dock at Bell Harbor Marina). Dkts. 43-1 and 50. Plaintiff moves for an order allowing her to depose Hernandez and Monsales by phone for financial reasons. Dkt. 43-1. Plaintiff seeks an order compelling the inspection of the SEALTH ARROW the next time it is in Seattle and states that she could be generally available on short notice (at least six hours). Dkt. 43-1, at 3. Plaintiff's two motions are related, and so Defendants' oppositions to both will be discussed together.

Ocean Ships filed a Response opposing Plaintiff's Motion for Relief from the Deadline prior to Plaintiff's withdrawal of a majority of the motion. Dkt. 46-1. As it pertains to the depositions of Hernandez and Monsales, Ocean Ships argues that Plaintiff has not acted diligently because she had these parties' contact information for several months, and has not tried to subpoena them to testify. *Id*., at 9. Ocean Ships argues that her motion 1) is untimely (the motion should have been made before July 3, 2006 per the scheduling order) 2) she should have conferred with them prior to July 17, 2006, and 3) Plaintiff failed to provide evidence that these witnesses were unavailable throughout the discovery period. Dkt. 54.

Plaintiff replies that she did not file her motions prior to the July 3, 2006 deadline because she did not know that the Defendants would oppose telephone depositions until July 17, 2006, and did not know she would be unable to attend the Port Angeles inspection of the SEALTH

ORDER - 2

ARROW until she had car trouble two days before the July 23, 2006 inspection date, and therefore establishes excusable neglect under Rule 6(b)(2). Dkt. 43-1, at 4. She argues that Ocean Ships has not provided any basis for denying her motion regarding taking the depositions by telephone. *Id.*, at 5.

Arrow argues in its Response that: 1) Plaintiff did not provided any dates on which she wished to inspect the SEALTH ARROW, despite the fact that in her First Set of Interrogatories and Requests for Production she indicated that she would do so, 2) on the date the vessel was available for inspection, Plaintiff canceled, 3) the vessel is "on call" and it is not known when or if the vessel will be in Seattle. Dkt. 44-1. Arrow argues that Plaintiff has not shown good cause for relief from the deadline because the vessel has been available for almost six months and Plaintiff has not inspected it. *Id.* at 5. In its response to Plaintiff's Motion for Relief from Deadline and to Compel Certain Discovery, Arrow states that the SEALTH ARROW was in dry dock until August 11, 2006 for repairs, and that to make the vessel available in Seattle would result in considerable costs. Dkt. 51-1, at 2-3. Arrow states that the vessel is based out of Port Angeles, Washington. *Id.* Arrow argues 1) Plaintiff's motion is untimely, 2) there is no legal basis for Plaintiff's motion to compel inspection of the vessel in Seattle, but if the Court does order the vessel to Seattle that Plaintiff pay for all reasonable costs associated therewith, and 3) Plaintiff's requests for untimely telephone depositions should be denied. *Id.*

Plaintiff states that she is not requesting that the SEALTH ARROW make a special run to Seattle, "but only that the vessel be detailed to Seattle for the next available Seattle run." Dkt. 57-1, at 2. Plaintiff states that it is "unrebutted that Arrow comes to Seattle for launch runs at least twice a month on average . . . Arrow has already agreed to provide Plaintiff with notice the next time the SEALTH ARROW is in Seattle." *Id.* at 3. Plaintiff indicates that she "simply wishes the Court to compel that Arrow utilize the launch SEALTH ARROW to service Seattle to cover one of Arrow's Seattle passenger pick ups during the next month and a half rather than selecting another of its launches to cover Seattle service."

Plaintiff also moves to strike various portions of Defendants' background statements. Dkt. 49-1. Plaintiff moves to strike Ocean Ships entire opposition to her Motion for Relief from Deadline and to Compel Certain Discovery (Dkt. 53) as rehashing the arguments in its

ORDER - 3

opposition to her Motion for Extension of Discovery Deadline. Dkt. 57-1.

## II. DISCUSSION

### A. EXCUSABLE NEGLECT

Under Fed. R. Civ. P. 6(b)(2), where a party shows a failure to act in accordance with a specific period is a result of excusable neglect, the Court may, upon motion, enlarge the period. Plaintiff has established her failure to file the present motions before the July 3, 2006 deadline was a result of excusable neglect. She indicated that she did not file her motions prior to the deadline because she did not know that the Defendants would oppose telephone depositions until July 17, 2006, and did not know she would be unable to attend the Port Angeles inspection of the SEALTH ARROW until she had car trouble two days before the July 23, 2006 inspection date. Dkt. 43-1, at 4. The following day, July 24, 2006, was the discovery cutoff date and the day that she filed the pending motions. Dkt. 42-1 and 43-1. Plaintiff's Motion for Extension of the Discovery Deadline (Dkt. 42-1) and her Motion Compel Discovery (Dkt. 43-1), though filed after the discovery motion deadline should not be denied as untimely because the late filings were a result of excusable neglect.

### B. MOTIONS FOR EXTENSION OF DISCOVERY DEADLINE AND COMPELLING DISCOVERY

Under Fed. R. Civ. P. 16, a scheduling order may be modified upon a "showing of good cause."

#### 1. Depositions of Hernandez and Monsales by Phone

Plaintiff has shown good cause for an extension of the discovery deadline in order to depose Hernandez and Monsales. The parties were aware of this potential problem at the beginning of the litigation. On January 18, 2006, the parties filed a Joint Status Report which stated,

> Defendant Ocean Ships requests a discovery deadline exception such that discovery or perpetuation deposition of any seaman-witnesses who cannot be located and deposed by the discovery cut-off date can be taken after such date upon reasonable notices to the other parties. . . . Plaintiff has no objection to Ocean Ship's proposed deadline exception. Arrow Defendants decline to agree to such deadline exception.

Dkt. 11, at 2. The Court entered a Minute Order in February of 2006 which stated that "extension of discovery dates for any seaman-witness who cannot be timely located should be

agreed to by counsel. The Court will consider requests for extension on a case-by-case basis if counsel cannot agree." Dkt. 16. Plaintiff stated that although she has had contact with Hernandez's family, she has been unable to arrange for his deposition because he has been at sea. Dkt. 42-1, 2. Plaintiff stated that she has not been able to contact Monsales. *Id*. Parties conferred, but could not agree, on July 17, 2006, about extending the July 24, 2006 discovery deadline and about deposing both of these parties by phone. These parties are alleged to be seaman witnesses. Plaintiff has shown good cause for an extension of the discovery deadline for the depositions of Hernandez and Monsales.

Plaintiff moves for an order compelling the depositions of Hernandez and Monsales by telephone. Dkt. 43-1. Fed. R. Civ. P. 30(b)(7) provides that the "court may upon motion order that a deposition be taken by telephone . . . ." Plaintiff has argued that telephonic depositions are necessary in order to keep expenses low. Defendants do not meaningly dispute Plaintiff's motion that the depositions, if permitted, be taken by telephone. Accordingly, Plaintiff's motion regarding the telephonic depositions of Hernandez and Monsales should be granted.

### 2. Inspection of SEALTH ARROW

Plaintiff has shown good cause for an extension of time to inspect the launch vessel the SEALTH ARROW. Plaintiff attempted to view the vessel, but was unable to due to car trouble. Unforseen circumstances warrant an extension of time. Plaintiff's motion for an extension of the discovery deadline to October 1, 2006 in order to inspect the vessel should be granted.

Plaintiff's motion to compel that the SEALTH ARROW be brought to Seattle (Dkt. 43-1) should be denied. Plaintiff's request would come at considerable expense to Defendant Arrow. Plaintiff has not shown the vessel should be brought Seattle. Plaintiff may inspect the vessel in Port Angeles as she has previously agreed to do.

### C.   PLAINTIFF'S MOTIONS TO STRIKE

Plaintiff moves to strike various portions of Defendants' background statements. Dkt. 49-1. None of this information was used in determining the outcome of these motions. This motion should be stricken as moot. Plaintiff also moves to strike Ocean Ships entire opposition to her Motion for Relief form Deadline and to Compel Certain Discovery (Dkt. 53) as rehashing the arguments in its opposition to her Motion for Extension of Discovery Deadline. Dkt. 57-1.

Because Plaintiff's Motion for Extension of Discovery Deadline should be granted, this motion to strike should be stricken as moot.

### III.   ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiff's Motion for an Extension of the Discovery Deadline (Dkt. 42-1) is **GRANTED** as to the depositions of Hernandez and Monsales and as to the inspection of the launch vessel the SEALTH ARROW and is **DENIED** as to all else.  The discovery deadline is **RESET** for **October 1, 2006** for the depositions of Hernandez and Monsales and as to the inspection of the launch vessel the SEALTH ARROW;

- Plaintiff's Motion for Relief from Deadline to Compel Certain Discovery (Dkt. 43-1) is **GRANTED**, as to the telephonic depositions of Hernandez and Monsales, and **DENIED** as to all else; and

- Plaintiff's Motions to Strike (Dkts. 49-1 and 57-1) are **STRICKEN AS MOOT**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of August, 2006.

Robert J. Bryan
United States District Judge