UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RITA M. JOHNSON,<br><br>              Plaintiff,<br><br>      v.<br><br>OCEAN SHIPS, INC., ARROW LAUNCH SERVICE, INC., ARROW MARINE SERVICES, INC., and VESSEL JOHN DOE ARROW,<br><br>              Defendants. | CASE NO. C05-5615RJB<br><br>ORDER |

This matter comes before the Court on Defendant Arrow Launch Service, Inc. and Arrow Marine Services, Inc.'s ("Arrow") Motion for Partial Summary Judgment. Dkt. 61-1. The Court has reviewed all documents filed in support of and in opposition to this motion, has reviewed the entire file, and is fully advised.

**I.     FACTS**

On September 20, 2002, Plaintiff, a seaman returning to duty on Defendant Ocean Ship's vessel, the SAMUEL L. COBB, fell attempting to board Defendant Arrow's launch from a dock in Seattle. Dkt. 65-2, at 7-9.

Plaintiff and Ocean Ships executed a release on December 28, 2002. Dkt. 62-2, at 3. The release states:

> THIS IS A RELEASE
> I am giving up every right I have
> I know that in signing this release I am taking the risk that I may have other injuries from the accident that I do not now know of. I also know that I am taking the risk that the injuries I do know of may be or may turn out to be worse than they seem to me now. I take all these risks. I know I am giving up the right to any further money. I am satisfied.
> I further warrant that the above mentioned sum is received by me in full settlement and satisfaction of all the aforesaid claims and demands whatsoever.

ORDER - 1

Dkt. 62-2, at 3. Plaintiff signed this release five times. *Id*. at 3-7. Plaintiff received a check for $2,300.00 in exchange for executing the release. *Id*. Plaintiff was not represented by an attorney at the time she executed the release.

On September 16, 2005, Plaintiff filed this suit, naming Ocean Ships and Arrow as defendants. Dkt. 1. On January 23, 2006, Ocean Ships answered Plaintiff's complaint and filed a cross claim against Arrow for indemnification for any damages Ocean Ships may be forced to pay if Plaintiff prevails. Dkt. 13.

Arrow now moves for Summary Judgment for an order that, to the extent Ocean Ships's indemnity claim is viable, it be limited to $2,300.00. Dkt. 61-1. Arrow argues that: 1) parties seeking indemnity under maritime law must attempt to mitigate their damages, 2) Ocean Ships failure to move for summary judgment dismissing it from this case, due to the validity of the release, is a failure to mitigate its damages, and so 3) any indemnity owed, which Arrow disputes, should be limited to the $2,300 Ocean Ships paid Plaintiff in consideration for the release. Dkt. 61-1. Ocean Ships opposes the motion arguing that: 1) no legal authority requires a party to pursue a motion for summary judgment in order to mitigate its damages, 2) there are potential issues of fact as to whether the release is valid. Dkt. 63. Plaintiff opposes the motion arguing that there are facts in dispute over the validity of the release. Dkt. 65-1. Arrow replies that: 1) it was unreasonable for Ocean Ships to delay litigating the validity of the release, and 2) Plaintiff's sworn deposition testimony indicates that the release is valid. Dkt. 68.

**II.     DISCUSSION**

    **A.     SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v.*

ORDER - 2

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### B.  MITIGATION OF DAMAGES

"In general, courts allow indemnitees to collect from the indemnitor reasonable and necessary counsel fees and legal expenses incurred in defending against the plaintiff. The award of fees and expenses does not encompass costs necessary to establish the right against the alleged indemnitor." *Flunker v. U.S.*, 528 F.2d 239, 246 (9th Cir. 1975) (holding under the facts of the case that a launch operator owes implied warranty of workman like performance to shipowner, who it must indemnify if a breach thereof causes injury to a seaman passenger). A party who has asserted an indemnity right has the duty to attempt to mitigate the damages for which they seek indemnity. *See Alcoa S.S. Co. v. Charles Ferran & Co.,* 251 F.Supp. 823, 832 (E.D. La. 1966). The duty to mitigate requires that a party act reasonably. *Id*.

Arrow argues here that Ocean Ships failure to move for summary judgment based upon the validity of the release was unreasonable, and thus a failure to mitigate its damages. Dkt. 68. Ocean Ships argues that it was not reasonable to engage in an expensive summary judgment

ORDER - 3

motion when there are potential issues of fact as to whether the release is valid. Dkt. 63.

Due to a seaman's special status as a "ward of admiralty," a shipowner bears the burden of proving that a seaman's release was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights is valid. *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 247 (1942).

> *Garrett* establishes a two-part test in determining the enforceability of a seaman's release: (1) whether the release was executed freely, without deception or coercion; and (2) whether it was made by the seaman with full understanding of his rights. To apply the second part of the test, we consider: (1) the adequacy of the consideration; (2) the nature of the medical advice available to the seaman at the time of signing the release; and (3) the nature of the legal advice available to the seaman at the time of signing the release.

*Orsini v. O/S SEABROOKE O.N.*, 247 F.3d 953, 959 (9th Cir. 2001).

Arrow's motion for summary judgment should be denied. Ocean Ships argues that it did not move for summary judgment dismissal based upon the release because, viewing the facts in a light most favorable to Plaintiff, there are potential issues of fact regarding whether Plaintiff executed the release with a full understanding of her rights. Dkt. 63. Ocean Ships points to Plaintiff's testimony particularly regarding the nature of the legal advice she thought was available to her at the time she signed the release. *Id.*

"Where an injured seaman is not represented by counsel, it is the owner's obligation to make a full, fair and complete disclosure as to all of a seaman's rights, including his right to sue for damages under the Jones Act, and his right to wages, maintenance and cure under the applicable Seamen's Law. *Orsini* at 964 (*internal citations omitted*). "For legal advice to be considered adequate in a *Garrett* analysis, an unrepresented seaman is entitled to a fair discussion of his or her entitlements to maintenance and cure, and alerted to the possibility of tort remedies including those for negligence and unseaworthiness." *Id.* However, a shipowner is not obliged to explain the merits of his claim to a seaman or send him to a lawyer. *Id.* at n.7.

Plaintiff testified at the time she was speaking with Mr. Miller, Defendant Ocean Ship's attorney, about the release, that they did not discuss Plaintiff's rights under the Jones Act. Dkt. 65-2, at 6. Plaintiff testified further that she was unaware of other potential claims against Ocean Ships. She testified,

> So, you knew with respect to settling the claim against Ocean Ships that you could, in fact, go talk to an attorney about whether you should settle your claim, or not?

ORDER - 4

> A. I didn't have a claim against Ocean Ships. I had a claim against Arrow Launch.
> Q. What did you receive the money for from Ocean Ships?
> A. That - okay. That it was at that time that I needed something. I needed some help, some financial help, and Mr. Miller said that this was his estimation of lost wages, or wages that he was paying up to that period of time. He figured it out. I took it at that, and that was that.

Dkt. 65-2, at 1-2. Moreover, Plaintiff testified that she remembered very distinctly the release included a clause which stated "please be advised that this agreement is confidential and your not to discuss it with a third party." Dkt. 65-3, at 10. Plaintiff further testified that,

> Third party meant no one else other than me and Mr. Miller. So then at any other time in all this two, three years of this foolishness was that I - and if I did I'd have to pay the $2,300 back . . . Going to an attorney would have been violating it, going anywheres, saying it to anyone, speaking to anyone was going to be violating this agreement. That was a big important deal. *Id.*

Plaintiff was questioned on whether she asked Mr. Miller whether she could take the release to an attorney before she signed it, and she respond that she did not ask. *Id*. at 11. She was further asked "did he tell you that you could [take the release to an attorney]? A: It never came up. No. No. Q: Okay. A: I trusted him and –." *Id.*

Accordingly, there are issues of fact as to whether Plaintiff executed the release with "a full understanding of her rights." *Orsini*, at 595. As such, there are issues of fact as to whether the release is valid. At this stage in the case, there is no evidence in the record that Ocean Ships failed to mitigate any damages for which it may be liable for failing to move for summary judgment. Arrow's Motion for Summary Judgment should be denied.

### III.  ORDER

Therefore, it is hereby, **ORDERED** that Defendant Arrow Launch Service, Inc. and Arrow Marine Services, Inc.'s Motion for Partial Summary Judgment (Dkt. 61-1) is **DENIED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 26th day of September, 2006.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 5